634 So.2d 83 (1994)
Charles Franklin PARK
v.
Gloria Curry PARK.
No. 93 CA 0115.
Court of Appeal of Louisiana, First Circuit.
March 30, 1994.
*84 W. George Bayhi, Baton Rouge, for plaintiff-appellee Charles Franklin Park.
Marlene K. Bonds, Baton Rouge, for defendant-appellant Gloria Curry Park.
Before WATKINS, SHORTESS, CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, denying child support to the domiciliary parent of a major child who had not reached the age of nineteen.

FACTS
On July 9, 1992, Charles Park filed a petition for divorce, alleging that he and his wife, Gloria, were married on November 28, 1972, and that the parties physically separated on July 4, 1992. The petition further alleged that one child was born of the marriage, namely James Robert Park, who was seventeen at the time that the petition was filed and still attended high school. Charles Park requested sole custody of the minor child, subject to the reasonable visitation rights of Gloria Park.
On August 13, 1992, Gloria Park filed an answer and reconventional demand. In the reconventional demand, Gloria Park requested sole custody of the minor child, subject to the reasonable visitation rights of Charles Park, and alternatively, that the parties be awarded joint custody of the minor child. Gloria Park also requested temporary and permanent child support.[1] By order dated August 18, 1992, Gloria Park was awarded temporary custody of James Robert Park.
On October 2, 1992, Charles Park filed an answer to the reconventional demand, alleging that Gloria Park was not entitled to child support. Charles Park reasoned that child support was not owed for several reasons. First, his son, James Robert Park, was no longer enrolled in school and had become employed. Second, James Robert Park would attain the age of majority on October 12, 1992.
On October 20, 1992, a hearing was held on Gloria Park's request for child support. Judgment was rendered on November 18, 1992, denying her request for child support. From this adverse judgment, Gloria Park appealed, assigning the following specifications of error:

*85 1. The trial court incorrectly interpreted the applicable statutes, in particular, Louisiana Revised Statutes 9:309, in holding that a major child who is enrolled in a vocational/technical school is not entitled to be supported by his parents until he reaches the age of nineteen.
2. Should this court find that the trial court correctly interpreted the applicable statutes, it is a denial of the Equal Protection Clause of the ... [Fourteenth] Amendment to the United States Constitution for legislation to provide for support for a major child who has not reached the age of nineteen and who is enrolled in high school without mandating that same support for a major child who had not reached the age of nineteen and who is enrolled in vocational/technical school with the goal of obtaining a GED as well as a marketable skill.

CHILD SUPPORT
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. LSA-C.C. art. 227. This alimentary obligation of the parent includes what is necessary for the nourishment, lodging, and support of the child who claims it. It also includes the education when the child to whom the child support is due is a minor, or when the child to whom the child support is due is a major who is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. LSA-C.C. art. 230; Savage v. Savage, 589 So.2d 95, 97 (La.App. 2nd Cir.1991).
The general obligation of parental support owed to a child is amplified in LSA-R.S. 9:309, which was designed to clarify the law with respect to when and how court ordered child support terminates. LSA-R.S. 9:309 C provides, in pertinent part, as follows:
An order or judgment of child support shall continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. Either the primary domiciliary parent or the major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection.
In the instant case, Gloria Park is entitled to child support for James Robert Park, who became a major on October 12, 1992, if he is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent for support. In opposition to Gloria Park's request for child support for his eighteen-year-old son, Charles Park contended that his son, James Robert Park, had become employed and was no longer enrolled in school.
At the hearing, the only evidence presented was the testimony of James Robert Park, who was called as a witness for his father. James Robert Park testified that he was born on October 12, 1974, and that he is currently enrolled in school on a full-time basis. James Robert Park further testified that he enrolled in Folks Vocational-Technical School in Jackson, Louisiana, a week prior to August 31, 1992, and that he is pursuing a GED or high school equivalency education and skills as an automotive technician.
After the conclusion of the hearing, the trial court determined that Gloria Park was not entitled to child support because James Robert Park was not attending a "secondary school" within the contemplation of LSA-R.S. 9:309 C. In making this determination, the trial judge stated:
I interpret this to mean that you must be a student in good standing in a secondary school. I do not believe that the trade school nor the union apprenticeship schools are interpreted as a secondary school for this to be appropriate.... I guess the ultimate purpose is for the well being of a dependent child who continues his education. I take it that the Legislature must articulate that, that the normal interpretation of secondary school as far as I know and appreciate is a high school, public or private, not a trade school nor a union apprentice school.
*86 The term "secondary school" is not defined in the statute. Generally, this term denotes a school which is more advanced in grade than elementary school and which offers general, technical, vocational, or college-preparatory courses. Webster's Ninth New Collegiate Dictionary (1983). We find that attending a vocational-technical school on a full-time basis to obtain a high school equivalency diploma is sufficient to satisfy the requirement contained in LSA-R.S. 9:309 C that the major child, who has not attained the age of nineteen, be enrolled as a full-time student in a secondary school. In reaching this conclusion, we find that the court should give due consideration not only to the type of educational facility in which the education is pursued, but also to the curriculum which is taught at the facility.
In the instant case, the evidence presented at the hearing established that James Robert Park was a major child who had not yet attained the age of nineteen. The evidence also showed that James Robert Park was attending the vocational/technical school on a full-time basis in order to obtain a high school equivalency diploma, as well as studying automotive technology. A high school equivalency diploma is no less a secondary school education because it is pursued in a vocational-technical institution instead of a high school. Therefore, the trial court erred in failing to find that James Robert Park was attending a secondary school.
The trial court made no finding as to whether James Robert Park was in "good standing" or whether he is dependent upon his parents for support in accordance with LSA-R.S. 9:309. Therefore, we must remand the matter to the trial court for a determination of whether James Robert Park is in good standing and whether he is dependent upon his parents for support.
Because of our finding on this issue, it is unnecessary to address the equal protection arguments advanced by Gloria Park.

CONCLUSION
For the reasons set forth above, the judgment of the trial court denying Gloria Park child support is reversed, and the matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. Costs of this appeal are to be equally assessed between the parties.
REVERSED AND REMANDED.
GONZALES, Judge, dissenting.
We are all in agreement that James Robert Park's attendance at a vocational/technical school on a full-time basis in order to obtain a high school equivalency diploma satisfies the requirement of La.R.S. 9:309(C) that the major child, who has not yet reached the age of 19, be enrolled as a full-time student at a secondary school.
We are also all in agreement that Mrs. Park failed to prove that James Robert Park was a student "in good standing," and dependent upon either parent for support. The following discussion took place at the trial:
BY THE COURT: I don't know whether the testimony was conclusive as [sic] a student in good standing or not. I don't know what good standing [sic] and whether you have to simply make passing grades or attend every day. The testimony fell some degree short of that, but since he just enrolled in August and is going to trade school, what happens if he ceases to be in good standing.
BY [PLAINTIFF'S ATTORNEY]: As I understand, your judgment is based not on whether he's in good standing or not, but it's based on the fact that you believe the legislative intent was not to cover that.
BY THE COURT: Yes, but I also think you have to show he's in good standing as well.
BY [PLAINTIFF'S ATTORNEY]: Yes, I understand that.
Counsel for the plaintiff failed to put forth the necessary evidence to prove that the child was a student in good standing, and dependent upon his parents for support, although she clearly acknowledged that she understood that she had to show the child *87 was a student in good standing. I do not believe there is any legal justification for remanding this case to allow plaintiff a second chance to prove what she failed to prove at the first trial. Therefore, I respectfully dissent.
NOTES
[1] The reconventional demand also requested the use and occupancy of the family home and use of the 1990 Toyota Camry, pending partition of the community property. However, these issues are not before us on appeal.