I ¡¿DOWNING, J.
The only issue in dispute in this appeal is whether a developmental^ disabled child enrolled in a special school is entitled to receive child support until age 22 under La. R.S. 9:315.22 D. This section provides as follows:
D. An award of child support continues with respect to any child who has a developmental disability, as defined in R.S. 28:381, until he attains the age of twenty-two, as long as the child is a full-time student in a secondary school. The primary domiciliary parent or legal guardian is the proper party to enforce an award of child support pursuant to this Subsection.
Specifically in dispute is whether the child’s enrollment in the special school qualifies as enrollment in a secondary school for purposes of this statute. The child’s father, Bruce Summers, regularly paid support until the child reached the age of eighteen. But now he objects to making continued support payments, asserting that the child functions at a level of less than a one-year-old and that the child's special school is not a secondary school. The trial court entered judgment requiring Mr. Summers to continue paying child support until the child reaches age twenty-two. For the following reasons, we affirm the judgment of the tidal court.
As this court previously observed in Park v. Park, 93-0115 (La.App. 1 Cir. 3/30/94), 634 So.2d 83, 86, regarding similar language in La. R.S. 9:309, predecessor to La. R.S. 9:315.22 D, “The term ‘secondary school’ is not defined in the statute. Generally, this term denotes a school which is more advanced in grade than elementary school and which offers general, technical, vocational, or college-preparatory courses. Webster’s Ninth New Collegiate Dictionary (1983).” Another dictionary defines “secondary school” as “a high school or school of corresponding grade ranking between a primary school and a college or university.” Random House Webster’s College Dictionary (2000).
13Louisiana Civil Code art. 9 requires that “[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” Here, however, we conclude that to limit the definition of “secondary school” to exclude support for a developmental^ disabled child in a special school would lead to an absurd result defeating the purpose of La. R.S. 9:315.22 D.
In Park, 93-0115, 634 So.2d at 86, this court found that “that the court should *111 give due consideration not only to the type of educational facility in which the education is pursued, but also to the curriculum which is taught at the facility.” In Park, this court found that a vocational-technical institution qualified as a secondary school. Id.
In Blanque v. Blanque, 95-2012 (La.App. 4 Cir. 4/3/96), 671 So.2d 567, the court specifically addressed the statute section at issue before us. In Blanque, the child was developmentally disabled and enrolled in a high school offering an independent education plan. The court concluded that the child at issue was enrolled in a secondary school. While discussing Park, the Blanque court observed, “The court implicitly recognized the principle that it should consider the substance rather than merely the form of the educational environment in which the dependent child is working.” Blanque, 95-2012, pp. 6-7, 671 So.2d at 570.
In assuring that the legislature did , not intend the absurd result of providing for continued support for developmentally disabled children but precluding such support if they are enrolled in schools designed for their educational needs, we turn to the legislative history of La. R.S. 9:315.22 D. This history reveals that the bill enacting La. R.S. 9:315.22 D “would extend the educational rights of a child past the age of 19 through the age of 22, in Leases where the child has a severe disability.” The provisions of this section are “limited to those children who are determined to be disabled under the guidelines of the educational system to require rehabilitative educational services after the age that a child would normally graduate.” Minutes, Louisiana House Committee on Civil Law and Procedure, April 30, 2001, HB no. 341 by Representative Durand. The history reflects that the author of the legislation testified the effect of the bill would be to “continue child support obligations for children with severe disabilities who are in good standing in a school.” (Emphasis added.) One witness observed that there are cases where severely disabled children remain in school until age 22 and that “the needs of these children remain the same.” The same witness stated that after age 22 there are adult sendees that provide for affected children’s care, such as Medicare or other social services. Minutes, Louisiana Senate Committee Judiciary A, May 21, 2001, HB no. 341 by Representative Durand.
Accordingly, we conclude that the legislative intent behind La. R.S. 9:315.22 D was to provide for continued support under situations as the one before us where a developmentally disabled child is pursuing a course of education.
We therefore affirm the judgment of the trial court. Costs are assessed equally between the parties.
AFFIRMED.
WHIPPLE, J., concurs in part and dissents in part for assigned reasons.
FITZSIMMONS, J., concurs and assigns reasons.