PITMAN, J.
Plaintiff-Appellant Audrey Lynn Masterson Billiot ("Mrs. Henry") appeals the trial court's judgment in favor of Defendant-Appellee Keith David Billiot. For the following reasons, we affirm in part and dismiss in part.
FACTS
The parties married on October 8, 1994, and had three children. On August 19, 2008, Mrs. Henry filed a petition for divorce. The trial court filed a judgment of divorce and incidental matters on February 19, 2009. Mrs. Henry and Mr. Billiot were awarded joint legal custody of the children, and Mr. Billiot was cast for the payment of child support.
On December 28, 2016, Mr. Billiot filed a motion to modify child support. He stated that there have been material changes in circumstances-including that both he and Mrs. Henry have remarried and their two oldest children have reached the age of majority and no longer attend secondary schools-and, therefore, that the child support obligation should be modified.
On May 12, 2017, Mrs. Henry filed a rule for contempt, modification of child support and to establish permanent child support. She alleged that in December 2015, Mr. Billiot unilaterally reduced his monthly child support payments and is in arrears $13,883.25 through the payment due April 2017. She stated that their daughter Caroline, born April 11, 1996, is permanently disabled and will require special education and training, financial assistance and caretakers to assist with her physical and financial needs for the remainder of her adult life. She stated that Caroline has been diagnosed with Asperger's Syndrome (Autistic Spectrum Disorder ) and other emotional, developmental and learning disabilities and is, therefore, entitled to permanent child support pursuant to La. R.S. 9:315.22. Mrs. Henry requested that Mr. Billiot show cause why he should not be held in contempt for his failure to seek guidance from the court as to recalculating child support, why he should not be decreed to be in arrears in his payment of child support and why he should not be required to pay permanent child support for their disabled child.
On June 28, 2017, Mr. Billiot filed exceptions of no right or cause of action and prematurity and an answer. He argued that La. R.S. 9:315.22(D) does not apply because Caroline does not have a developmental disability and is not a full-time *404 student in a secondary school.[1] In his answer, he stated that the parties began to disagree on the amount of child support in June 2016 when Caroline began receiving social security benefits and their second oldest child graduated from high school. He alleged that he continued to pay his child support obligation and also financially supported the children who had reached the age of majority. He stated that he is not in arrears and has overpaid his support obligation by $3,780.
On August 7, 2017, Mrs. Henry filed an opposition to the exceptions. She stated that Caroline attends College Living Experience ("CLE"), an educational program for children with Autism Spectrum Disorder. She argued that the term "secondary school" as set forth in La. R.S. 9:315.22(D) is not limited in cases of disabled children to mean only "high school."
A hearing was held on October 23, 2017. Counsel for Mrs. Henry first addressed the rule for contempt for accrued child support payments, arguing that Mr. Billiot owed a balance of $7,336.65 through December 2016 when he filed his motion to modify child support. Counsel for Mr. Billiot argued that he had overpaid his support obligation. Both parties submitted affidavits and documents in support of their calculations.
The trial court then heard testimony on Mr. Billiot's exceptions. Sabrina Langley testified that she was previously employed by Bossier Parish Community College ("BPCC") as the director of the Program for Successful Employment and described the programs at BPCC available to persons with disabilities. She is currently employed as a special education facilitator for Bossier Parish schools. She explained the different diploma tracks available to Bossier Parish students and noted that the Bossier Parish School Board issues high school diplomas to students with autism if they meet the requirements for graduation. She has not met Caroline and did not know what certificate or diploma Caroline earned.
Miyako Lee, the job development manager at the Louisiana Association for the Blind, testified that she met with Caroline and Mrs. Henry in 2016 about finding employment for Caroline. She learned that Caroline has a high school diploma, had attended BPCC and wanted to work with animals. They found Caroline employment with Affordable Boarding and Pet Grooming, where she worked for several months.
Dr. Laura Harris, an expert in the field of school psychology, testified that she has a Ph.D. in counseling psychology, but has not completed the requirements to be a licensed psychologist. She met with Caroline twice in August 2017 and interviewed Mrs. Henry. She discussed Caroline's medical and educational history and stated that Caroline was diagnosed with Asperger's Disorder (Autism Spectrum Disorder) at the age of 16.[2] Caroline was identified with a disability in kindergarten and had an Individualized Education Program while she was in school. Dr. Harris testified that the CLE program provides structured assistance and quasi-independent living, *405 along with educational and career support. Caroline lives in an apartment, and a resident assistant lives in the same complex to offer support. She opined that Caroline is not able to live on her own without assistance based on her current skill levels. She stated that programs like CLE could help Caroline improve her skills, but that there are skills she may never learn. On cross-examination, she agreed that CLE is not a school.
Mrs. Henry testified that Caroline graduated from high school in 2015, attended BPCC in the fall of 2015 and then started at CLE in Austin, Texas, in January 2017. CLE has two tracks, a career development track and a college track. Caroline started on the career track, but then moved to a blended program when she began taking a continuing education class, i.e., an administrative assistance course, at Austin Community College. Mrs. Henry agreed that Caroline is not working toward a college degree, but is gaining career and educational experience and independent living skills. As Caroline's parent, she receives weekly reports from CLE about Caroline's progress in areas including independent living, career development and financial literacy. CLE has a licensed psychologist and tutors to work with the program participants. Mrs. Henry noted that CLE is a private company and that there are six similar programs in the United States, with the Austin location being the closest to Louisiana. She agreed that CLE categorizes itself as postsecondary support and does not call itself a school. She stated that the goal of Caroline's participation in CLE is independent living.
On January 26, 2018, the trial court filed an opinion, which first addressed Mrs. Henry's rule for contempt. It determined that Mr. Billiot was in arrears $4,961.65 for the months of December 2015 through December 2016. It did not find Mr. Billiot to be in contempt because the evidence did not show a willful disobedience of an order of the court, but, rather, that he made a good faith effort to support his children in collaboration with Mrs. Henry. The trial court then addressed the permanent support of Caroline. It found that Mrs. Henry is the proper party to raise the issue of support under La. R.S. 9:315.22(D) and, therefore, denied Mr. Billiot's exception of no right of action as to La. R.S. 9:315.22(D). The court noted that following Dr. Harris's testimony, the parties stipulated that Caroline has a disability as defined in La. R.S. 28:451.2. It determined that CLE does not satisfy the requirement of full-time enrollment in a secondary school and explained that the substance of the CLE program, not the classification of the institution, is the crux of whether the program is considered secondary education. Citing as contrast Blanque v. Blanque , 95-2012 (La. App. 4 Cir. 4/3/96), 671 So.2d 567, and Summers v. Summers , 03-2562 (La. App. 1 Cir. 10/29/04), 897 So.2d 109, the trial court noted that CLE has no curriculum with standards against which student performance is measured, has no academic component and students do not work toward a measurable goal awarded by receiving a valuable certificate. It also found that Mrs. Henry did not prove that Caroline is enrolled as a full-time student. Therefore, the trial court sustained Mr. Billiot's exception of no cause of action.
The trial court filed a judgment on March 15, 2018. It dismissed Mrs. Henry's claims for contempt against Mr. Billiot for nonpayment of child support and decreed him to be in arrears in the amount of $4,961.65. It decreed that Mrs. Henry does have standing under La. R.S. 9:315.22(D) and dismissed Mr. Billiot's exception of no right of action. Finding that Caroline's participation in CLE does not satisfy the requirement of full-time enrollment in a secondary school, it granted Mr. Billiot's *406 exception of no cause of action and dismissed Mrs. Henry's remaining claims under La. R.S. 9:315.22(D). The trial court continued Mr. Billiot's motion to modify child support.
Mrs. Henry appealed.
On May 31, 2018, the trial court filed a consent judgment in which it ordered that the child support obligation of Mr. Billiot be modified for the parties' remaining minor child to the amount of $976 per month, retroactive to December 28, 2016. It ordered that Mr. Billiot pay to Mrs. Henry the amount of $4,961.65, being the arrearage amount due for the period of December 2015 to December 2016. It also ordered that with the payment of the arrearage, Mrs. Henry waives any and all accounting claims for reimbursement, including extracurricular and extraordinary expenses, and Mr. Billiot waives any retroactive credits due for overpayment on the child support obligation.
DISCUSSION
Continued Support Under La. R.S. 9:315.22(D)
In her first assignment of error, Mrs. Henry argues that the trial court erred when it improperly applied the law and facts regarding the definitions of "secondary school" and "developmental disability" as set forth in La. R.S. 9:315.22(D) and denied her requests for child support and reimbursement for education expenses for CLE. She contends that Caroline's enrollment in a vocational program at Austin Community College in conjunction with her attendance at CLE meets the legal definition of secondary school.
Mr. Billiot argues that the trial court's conclusion that CLE does not meet the requirements of a secondary school under La. R.S. 9:315.22(D) was proper and should not be disturbed on appeal. He contends that Caroline is not enrolled as a full-time student at a secondary school nor has she been since her graduation from high school in 2015 at the age of 19.
The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Maw Enterprises, L.L.C. v. City of Marksville , 14-0090 (La. 9/3/14), 149 So.3d 210. Generally, under La. C.C.P. art. 931, no evidence may be introduced to support or controvert the exception of no cause of action. Id. However, an exception to this rule has been recognized by the jurisprudence, and a court may consider evidence admitted without objection to enlarge the pleadings. Id. The parties in the present case participated in the evidentiary hearing, and no one voiced any objection to evidence being considered in ruling on the exception of no cause of action.
Ordinarily, the exception of no cause of action raises a question of law, and the lower court's decision is generally based only on the sufficiency of the petition. Id. Under those circumstances, the review of a lower court's ruling on an exception of no cause of action is de novo . Id. However, in this matter the court heard and considered evidence. A trial court's factual findings are entitled to deference by this court. Under the unique circumstances presented here, the standard of review is manifest error. See Coleman v. Querbes Co. No. 1 , 51,159 (La. App. 2 Cir. 2/15/17), 218 So.3d 665.
When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the obligor upon each child's attaining the age of majority. La. R.S. 9:315.22(A). La. R.S. 9:315.22(D)
*407 provides an exception to this general rule and states:
An award of child support continues with respect to any child who has a developmental disability, as defined in R.S. 28:451.2, until he attains the age of twenty-two, as long as the child is a full-time student in a secondary school. The primary domiciliary parent or legal guardian is the proper party to enforce an award of child support pursuant to this Subsection.
The parties stipulated that Caroline has a developmental disability, as defined in La. R.S. 28:451.2(11). Therefore, the remaining issue before this court is whether Caroline's participation in CLE fulfills the requirement of La. R.S. 9:315.22(D) that she be a "full-time student in a secondary school."
The term "secondary school" is not defined in La. R.S. 9:315.22(D), and Louisiana courts have found that this term encompasses different types of educational programs and schools. The Court of Appeal of Louisiana, First Circuit, has looked to dictionary definitions to define the term and stated in Summers , supra :
As this court previously observed in Park v. Park , 93-0115 (La. App. 1 Cir. 3/30/94), 634 So.2d 83, 86, regarding similar language in La. R.S. 9:309, predecessor to La. R.S. 9:315.22 D, "The term 'secondary school' is not defined in the statute. Generally, this term denotes a school which is more advanced in grade than elementary school and which offers general, technical, vocational, or college-preparatory courses. Webster's Ninth New Collegiate Dictionary (1983)." Another dictionary defines "secondary school" as "a high school or school of corresponding grade ranking between a primary school and a college or university." Random House Webster's College Dictionary (2000).
In Park , supra , the First Circuit determined that attending a vocational-technical institution on a full-time basis to obtain a high school equivalency diploma was sufficient to satisfy the requirement of full-time enrollment in a secondary school. It noted that "the court should give due consideration not only to the type of educational facility in which the education is pursued, but also to the curriculum which is taught at the facility."
In Blanque , supra , the Louisiana Court of Appeal, Fourth Circuit, determined that a special education student enrolled in an Independent Education Plan curriculum qualified as a secondary school student in good standing pursuant to La. R.S. 9:315.22(C). It noted that the child was enrolled as a full-time student at a high school and that although the curriculum led to a certificate of achievement rather than a high school diploma, it "embodies standards against which [the child's] performance is measured." This curriculum had an academic component and a physical component to address the child's physical disabilities. Discussing Park , supra , the Fourth Circuit stated, "The court implicitly recognized the principle that it should consider the substance rather than merely the form of the educational environment in which the dependent child is working."
In Summers , supra , the First Circuit found that a developmentally disabled child enrolled in a "special school" was entitled to receive child support until age 22 under La. R.S. 9:315.22(D). The First Circuit looked to the legislative history of La. R.S. 9:315.22(D) and stated:
This history reveals that the bill enacting La. R.S. 9:315.22 D "would extend the educational rights of a child past the age of 19 through the age of 22, in cases where the child has a severe disability." The provisions of this section are "limited *408 to those children who are determined to be disabled under the guidelines of the educational system to require rehabilitative educational services after the age that a child would normally graduate." Minutes, Louisiana House Committee on Civil Law and Procedure, April 30, 2001, HB no. 341 by Representative Durand. The history reflects that the author of the legislation testified the effect of the bill would be to "continue child support obligations for children with severe disabilities who are in good standing in a school. " (Emphasis added.) One witness observed that there are cases where severely disabled children remain in school until age 22 and that "the needs of these children remain the same." The same witness stated that after age 22 there are adult services that provide for affected children's care, such as Medicare or other social services. Minutes, Louisiana Senate Committee Judiciary A, May 21, 2001, HB no. 341 by Representative Durand.
The case sub judice is distinguishable from these cases. Unlike the children in Park , Blanque and Summers , Caroline is a high school graduate and received her high school diploma at the age of 19. Therefore, she has successfully completed secondary school.
Further, CLE is not a secondary school. Dr. Harris testified that CLE is not a school. Mrs. Henry testified that CLE describes itself as postsecondary support and not a school. The testimonies of Dr. Harris and Mrs. Henry demonstrate that CLE is a program that assists with independent living skills. Although an element of the program is to provide support to participants enrolled in classes at educational institutions, CLE itself is not a school. Caroline's attendance in one course at Austin Community College also does not fulfill the requirement that she be a full-time student at a secondary school.
Based upon the record before us and the evidence presented at the hearing, the trial court did not err in determining that CLE, the program attended by Caroline, does not satisfy the requirement of full-time enrollment in a secondary school and that under these facts, Mrs. Henry does not have a cause of action under La. R.S. 9:315.22(D).
Accordingly, this assignment of error lacks merit.
Contempt of Court
In her second assignment of error, Mrs. Henry argues that the trial court abused its discretion when it failed to hold Mr. Billiot in contempt of court or award her attorney fees when it found that he was in arrears for child support. Mr. Billiot argues that the consent judgment rendered on May 31, 2018, resolves the issue of arrearages, waives all accounting claims and retroactive credits due and precludes the issue of whether the trial court abused its discretion in denying Mrs. Henry's contempt claim.
Louisiana jurisprudence is well settled that courts will not decide abstract, hypothetical or moot controversies or render advisory opinions with respect to such controversies. Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin. , 98-0601 (La. 10/20/98), 720 So.2d 1186. An issue is moot when a judgment or decree on that issue has been deprived of practical significance or made abstract or purely academic. Id. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. Id.
Pursuant to the May 31, 2018 consent judgment, this issue on appeal is moot, and this court lacks jurisdiction to consider it.
*409 Accordingly, we dismiss this appeal as to this assignment of error.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Defendant-Appellee Keith David Billiot and against Plaintiff-Appellant Audrey Lynn Masterson Billiot as to the issue of support pursuant to La. R.S. 9:315.22(D). We dismiss as moot the issue of contempt of court. Costs of appeal are assessed to Plaintiff-Appellant Audrey Lynn Masterson Billiot.
AFFIRMED IN PART AND DISMISSED AS MOOT IN PART.

Mr. Billiot also argued that La. R.S. 9:315.22(E) is not applicable to this case and that Mrs. Henry has no right of action to bring any claim for permanent child support on behalf of Caroline under that subsection. At a hearing on August 14, 2017, Mrs. Henry conceded that she did not have standing under La. R.S. 9:315.22(E). In its January 26, 2018 opinion and March 15, 2018 judgment, the trial court found that Mrs. Henry does not have standing under La. R.S. 9:315.22(E) and granted Mr. Billiot's exception of no right of action as to that subsection.

Dr. Harris noted that the diagnosis was phrased that way to reflect changes from the DSM-IV to the DSM-5.